# DECEMBER, 1947

CORNELIUS BASS V. THE STATE.

No. 23777. Delivered December 10, 1947.

*Clyde F. Winn,* of Waxahachie, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The original opinion in this case handed down on November 5, 1947, is hereby withdrawn and the following is substituted in lieu thereof.

Appellant was convicted of the offense of robbery and sentenced to five years in the penitentiary. The undisputed evidence in the case shows that on about the 15th of December, 1946, he was in the City of Waxahachie with A. B. Benson. They met E. T. Thomas at or near the bus station. Thomas was attempting to gain passage to his home at Malakoff and was carrying a bundle of luggage. The bus was not leaving for some hours and appellant agreed to carry him for a consideration to Malakoff. They were to leave at once but there is a difference as to the amount which Thomas was to pay. This we think immaterial. Having loaded the baggage in the one seated car, the three got in and after purchasing 90 cents worth of gasoline, for which Thomas paid, they proceeded to Ennis and down Highway 75 to the town of Alma where Thomas paid for 25 cents worth of lubricating oil. A short distance further down the highway appellant drew his knife on Thomas and demanded the money for the fare to Malakoff. Thomas handed him a wallet containing four $5.00 bills and one dollar. Appellant says he intended to take only the balance of $3.85 owing him, but that when he saw the money in the wallet he became mad because he thought Thomas was trying to beat him. He took the four $5.00 bills and returned the wallet with one dollar in it to Thomas. He then made Thomas get out and he drove on to the top of the hill and unloaded the baggage. He and Benson returned to Waxahachie and were arrested the same evening. He signed a voluntary statement and gave substantially the foregoing account of what occurred.

It is our conclusion that the evidence given by appellant is sufficient to support the jury's verdict and presents no defense to his action. In his brief he cites Barton v. State, 227 S. W. 317, an opinion by Judge Morrow in which it was held that a creditor who assaulted his debtor and compelled him to pay his debt cannot be convicted of robbery. We think that the principle involved in the Barton case does not avail one who takes not only property which he claims but other property at the same time. The appellant says he claimed only $3.85, but admits taking $20.00. The defense is that at the time he had Thomas hand over the purse he only intended to take $3.85, and that his action in taking the additional amount was not within his intention at the time he committed the assault. We think the time of the commission of the act embraced the entire transaction, including the taking of the $20.00, and that even though it should be conceded that Thomas owed him $3.85, and even though he only intended to get that amount at the time he drew his knife, his own evidence shows that he took the $20.00

while Thomas was placed in fear and by the same process of taking the $3.85. Thereby the offense of robbery was completed. For a full and complete discussion of the subject we refer to Alaniz v. State, 177 S. W. (2d) 965.

Finding no reversible error, the judgment of the trial court is affirmed and appellant's motion for rehearing is overruled.